DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

BRYAN CURTIS GARRETT,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-2695
_____

January 30, 2026

Appeal from the County Court for Pinellas County; Diane M. Croff,
Judge.

Blair Allen, Public Defender, and Greg Bushn, Assistant Public Defender,
Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Nicole Rochelle
Smith, Assistant Attorney General, Tampa, for Appellee.

SILBERMAN, Judge.

Bryan Curtis Garrett appeals his judgment and sentence after
being found guilty by a jury of driving under the influence ("DUI").  He
was sentenced to twelve months of probation, and as a condition of his
probation, he was ordered to serve 364 days in jail with credit for one
day time served.  Garrett was also ordered to "enroll in Multiple Offender
DUI School and successfully complete it, including substance abuse

evaluation and any recommended treatment, and assume all reasonable costs for such education, evaluation and treatment." Because Garrett's sentence fails to provide him with sufficient time to complete the statutorily required substance abuse course conducted by a licensed DUI program, we are compelled to reverse for resentencing. We affirm his judgment without comment.

Garrett was charged with and convicted of misdemeanor DUI in violation of section 316.193(1), Florida Statutes (2023). Under section 316.193(2)(b)2, the trial court was permitted to sentence Garrett to "a fine of not less than $2,000 or more than $5,000 and by imprisonment for not more than 12 months." However, section 316.193(5) provides: "The court shall place all offenders convicted of violating this section on monthly reporting probation and shall require completion of a substance abuse course conducted by a DUI program licensed by the [D]epartment [of Highway Safety and Motor Vehicles ("DHSMV")] under s. 322.292." Section 316.193(5) also requires that the course "include a psychosocial evaluation of the offender" and, if necessary, substance abuse treatment. At sentencing, the State asked the court to impose a sentence of 363 days in jail with one day of probation. Defense counsel argued, in relevant part, that the probationary period must be long enough to enable Garrett to complete the requirements of section 316.193(5). As indicated previously, the trial court's sentence included twelve months' probation conditioned on 364 days in jail, with credit for one day of time served, plus completion of the statutory requirements contained in section 316.193(5).

On appeal, Garrett argues that his sentence is illegal because the jail portion of his sentence does not provide him with enough time to complete the statutorily mandated substance abuse course. The State

argues that Garrett's sentence is not illegal because he has already completed two substance abuse courses prior to the imposition of his sentence.

Under section 316.193, a defendant's sentence "must 'include a probationary period that, at a minimum, is of sufficient length to permit [the defendant] to complete a substance abuse course pursuant to section 316.193(5).' " *Archer v. State*, 332 So. 3d 24, 25 (Fla. 2d DCA 2021) (quoting *Powers v. State*, 316 So. 3d 352, 356 (Fla. 4th DCA 2021)). While the State argues that Garrett's previously completed substance abuse courses may satisfy the statutory requirements, nothing in the record confirms that this is accurate. Indeed, the record does not establish and the trial court did not find that those previously completed courses were licensed by the DHSMV and would satisfy the statutory requirements. Instead, the trial court recognized that it did not know whether the DHSMV would credit him with past completed treatment programs but stated that because Garrett has received treatment before, "hopefully [he'll] be a step ahead of things."

Imposition of the mandatory probationary period sufficient to allow Garrett to complete a substance abuse course and any necessary treatment would have "necessarily reduced" his jail term. *See Brown v. State*, 408 So. 3d 137, 139 n.4 (Fla. 5th DCA 2025). Based on the record before us, a twelve-month probationary sentence with a condition of 364 days in jail with credit for one day time served does not provide for sufficient time for Garrett to complete the statutorily mandated requirements. Thus, we affirm Garrett's judgment but reverse his sentence and remand for the trial court to conduct a de novo sentencing hearing and to impose a probationary period of a sufficient length to allow Garrett to complete the substance abuse course requirement of

3

section 316.193(5). *See Archer*, 332 So. 3d at 26; *Coullias v. State*, 417 So. 3d 515, 518 (Fla. 1st DCA 2025) (concluding that a sentence under section 316.193 "must include a term of probation that allows for a defendant to complete a substance abuse course"); *Bell v. State*, 329 So. 3d 157, 159 (Fla. 4th DCA 2021) (recognizing that the total sentence under section 316.193 may not exceed the statutory maximum and "must include a probationary period of sufficient length to allow for completion of a substance abuse course").

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and VILLANTI, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.